IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

HAROLD MILLON and
PAMELA MILLON,                                                              PLAINTIFFS,

VS.                                                    CIVIL ACTION NO. 2:08CV070-P-A

UNITED STATES OF AMERICA and
UNITED STATES ARMY CORPS OF
ENGINEERS, VICKSBURG DISTRICT,                                              DEFENDANTS.

## FINAL JUDGMENT

This matter comes before the court upon the Government's motion to dismiss this action for lack of subject matter jurisdiction [10]. After due consideration of the motion, the court finds as follows, to-wit:

On April 29, 2008 the plaintiffs filed their Complaint wherein they seek over $95 million in damages for injuries sustained by Mr. Millon while swimming at Sardis Dam and Reservoir, leaving him a quadriplegic.

On July 24, 2008 the Government filed the instant motion to dismiss, arguing that the court has no subject matter jurisdiction because the plaintiffs' claims are barred as a matter of law pursuant to the Flood Control Act, 33 U.S.C. § 702c.

The plaintiffs' deadline to respond passed on August 11, 2008. The plaintiff neither filed a response, nor otherwise contacted the court for additional time to do so. Uniform Local Rule 7.2(c)(3) requires a party to notify the court if it intends not to respond.

1

Federal Rule of Civil Procedure 41(b) provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits." A district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though Rule 41(b) only provides for such dismissal on a defendant's motion. *Link v. Wabash*, 370 U.S. 626, 629-30 (1962); *Colle v. Brazos County, Tex.*, 981 F.2d 237, 242-3 (5th Cir. 1993).

The court concludes that this action should be dismissed for the failure to prosecute under Rule 41(b). Furthermore, the action should be dismissed with prejudice on the merits. The court adopts and incorporates herein the Government's reasoning, namely that 33 U.S.C. § 702c, which provides in pertinent part that "[n]o liability of any kind shall attach to or rest upon the United States for any damage from or by floods or flood waters at any place," bars the instant action. On the date the plaintiff was swimming in the lower reservoir, runoff water from the upper reservoir had flowed into the lower reservoir. Thus, the water in which Mr. Millon swam consisted of "flood water" from which no claims of personal injury can lie against the United States. Both reservoirs were operated by the U.S. Corps of Engineers. *See U.S. v. James*, 478 U.S. 597 (1986), *overruled on different grounds*; *Central Green Co. v. United States*, 531 U.S. 425 (2001); *Boudreau v. United States*, 53 F.3d 81 (5th Cir. 1995); *Mocklin v. Orleans Levee Dist.*, 877 F.2d 427 (5th Cir. 1989).

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) The Government's motion to dismiss this action for lack of subject matter jurisdiction [10] is **GRANTED**; therefore,

(2) All of the plaintiffs' claims are **DISMISSED WITH PREJUDICE**; and

(3) This case is **CLOSED**.

**SO ORDERED** this the 22nd day of September, A.D., 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE